<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 22-2026

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 7, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| NEVIN P. COOPER-KEEL, ) <br> ) <br> Plaintiff-Appellant, ) <br> ) <br> v. ) <br> ) <br> STATE OF MICHIGAN, et al., ) <br> ) <br> Defendants-Appellees. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |

<u>O R D E R</u>

Before: NORRIS, SILER, and MURPHY, Circuit Judges.

Nevin P. Cooper-Keel appeals the district court's judgment dismissing his civil-rights complaint, filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). Because Cooper-Keel has not shown that the district court erred in dismissing the complaint for lack of subject-matter jurisdiction, we affirm.

Cooper-Keel, who identified himself as "a self employed bondsman in Michigan," filed a complaint against the State of Michigan ("the State") and 48th Circuit Court Judges Robert Kengis and Margaret Bakker in their official capacities. Cooper-Keel alleged that Judge Kengis misinterpreted Michigan Compiled Laws § 765.28 when he ordered Cooper-Keel to pay $25,000 in bond forfeitures for two criminal defendants. According to Cooper-Keel, Judge Kengis interpreted § 765.28 as allowing the court to set aside a bond forfeiture order only if the defendant is apprehended within 56 days of the forfeiture order *and* the bondsman pays the forfeiture amount within the 56-day period, which Cooper-Keel did not do. Cooper-Keel contended that the statute does not require him to pay the forfeiture amount within the 56-day period, as long as the defendant

was apprehended within that time period. Cooper-Keel also alleged that the Michigan Court of Appeals erred in finding that his appeals in each case were untimely. Finally, Cooper-Keel sought review of a December 2, 2021, 48th Circuit Court show-cause order that required him to show "why [he] should not be held in contempt for not paying a slew of judgment[s] after bond forfeiture orders where the Defendants were apprehended within 56 days after the [entry of] bond forfeiture orders." Based on these allegations, Cooper-Keel claimed that Judge Kengis's orders are based on an unreasonable interpretation of § 765.28 and violate "the Michigan Constitution and the US Constitutional right to reasonable bail," the Michigan Constitution's "Separation of Powers and Non-Delegation Clauses," his procedural and substantive due process rights, and the U.S. Constitution's Commerce Clause. He sought a declaratory judgment, injunctive relief, and damages, and he asked the district court to certify to the Michigan Supreme Court the question of whether the Michigan Court of Appeals wrongfully dismissed his appeals.

Judges Kengis and Bakker moved to dismiss Cooper-Keel's complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), arguing that his claims were barred by the *Rooker-Feldman* doctrine[1] and that they were entitled to Eleventh Amendment and absolute judicial immunity. The State moved to dismiss the claims against it under Rule 12(b)(1), arguing that it was immune from suit under the Eleventh Amendment.

Cooper-Keel filed an amended complaint, again naming the State and Judges Kengis and Bakker, in their official capacities, as defendants. He repeated the allegations and claims set forth in his original complaint and added allegations relating to the State's COVID-19 pandemic policies, appearing to contend that many defendants failed to appear at hearings due to those policies. Cooper-Keel also alleged that Judges Kengis and Bakker violated his due process rights by "removing [his] bail bonds agency" from a list of agencies that were approved by the county, "deliberately causing people [he] bonded out to miss court," and "displaying [his] personal name on the TV in the courthouse lobby in a way that makes it look like [he is] charged with felonies."

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923).

Finally, Cooper-Keel added a claim that the defendants' actions violated the Eighth Amendment's restriction on excessive bail, excessive fines, and cruel and unusual punishment.

A magistrate judge acknowledged that the filing of an amended complaint generally "moots a pending motion to dismiss," but she concluded that "the grounds raised [by the defendants] for dismissal . . . continue to apply to the amended complaint." She therefore "consider[ed] the pending motions to dismiss addressed to the amended complaint." In a subsequent report, the magistrate judge recommended dismissing Cooper-Keel's amended complaint without prejudice under Rule 12(b)(1) for lack of jurisdiction, concluding that Cooper-Keel's claims against Judges Kengis and Bakker were barred by the *Rooker-Feldman* doctrine and that all of the defendants were entitled to Eleventh Amendment immunity. The magistrate judge acknowledged that Cooper-Keel sued Judges Kengis and Bakker in their official capacities only but noted that the judges would be entitled to absolute judicial immunity if Cooper-Keel had sued them in their individual capacities.

Cooper-Keel filed timely objections. The district court found that the one specific objection that Cooper-Keel raised—that the State had waived its Eleventh Amendment immunity by adopting a private bail system—was not compelling. It overruled Cooper-Keel's objections, adopted the magistrate judge's report and recommendation, and dismissed the amended complaint without prejudice.

On appeal, Cooper-Keel maintains that the state courts incorrectly applied Michigan law, and he argues that the state court judgments were "politically motivated." He also contends that the *Rooker-Feldman* doctrine does not apply because "there was no clear and certain postdeprivation remedy" and that the Fourteenth Amendment "supersedes" both the *Rooker-Feldman* doctrine and Eleventh Amendment immunity.

We review de novo a district court's dismissal of a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). *Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013). In the case of a facial attack on subject-matter jurisdiction, a complaint is subject to dismissal if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the

court lacks subject-matter jurisdiction. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).

The *Rooker-Feldman* doctrine bars district courts from deciding "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 455-56 (6th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To determine whether *Rooker-Feldman* applies, we look to the source of the plaintiff's alleged injury; if that source "is the state-court judgment itself, then *Rooker-Feldman* applies." *Id.* at 456 (quoting *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)).

Cooper-Keel's appellate brief raises two challenges to the district court's application of the *Rooker-Feldman* doctrine. First, Cooper-Keel argues that his claims are not barred by the doctrine because "there was no clear and certain post-deprivation remedy." Second, he contends that the Fourteenth Amendment "supersedes" the *Rooker-Feldman* doctrine. Because Cooper-Keel did not include either of these arguments in his objections to the magistrate judge's report and recommendation, they are not properly before us on appeal. *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). Regardless, both arguments are meritless. Cooper-Keel's argument concerning the adequacy of his post-deprivation remedy goes to the merits of his due process claim rather than the application of the *Rooker-Feldman* doctrine. Cooper-Keel also provides no support for his argument that the Fourteenth Amendment "supersedes" the *Rooker-Feldman* doctrine, and we make no exception for Fourteenth Amendment due process claims when applying the doctrine. *See Larry E. Parrish, P.C.*, 989 F.3d at 455-56; *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008). Cooper-Keel alleged that the state trial and state appellate courts' decisions themselves deprived him of due process. Because he alleged that "the state court order[s themselves were] illegal and harmed [him]," the district court properly held that the *Rooker-Feldman* doctrine bars his due process claim. *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006).

Even if Cooper-Keel could show that the state courts improperly applied the *Rooker-Feldman* doctrine, the district court alternatively held that the judges, whom Cooper-Keel sued in their official capacities only, were immune from suit under the Eleventh Amendment. It also held that the State was entitled to Eleventh Amendment immunity. Cooper-Keel's sole appellate argument challenging those rulings is that the Fourteenth Amendment "supersedes" Eleventh Amendment immunity. Cooper-Keel does not flesh out this argument, and we have rejected as "meritless" the argument that "the Fourteenth Amendment 'abrogated' the Eleventh Amendment by virtue of its having been adopted after the Eleventh Amendment." *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 734 (6th Cir. 2022).

For the foregoing reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk